PREGERSON, Circuit Judge,
concurring:
I write separately because, unlike the majority, I believe this case can be resolved without deciding whether Rivera v. Illinois, - U.S. -, 129 S.Ct. 1446, 173 L.Ed.2d 320 (2009), overrules United States v. Annigoni, 96 F.3d 1132, 1134 (9th Cir.1996) (en banc). Annigoni is in-apposite to Lindsey’s case: Annigoni concerned a defendant who was actively prevented by the district court from exercising a peremptory challenge, whereas Lindsey simply failed to exercise a per *557 emptory challenge to which he was entitled.
Annigoni re-affirmed the principle in this circuit that the erroneous denial or impairment of a defendant’s right of peremptory challenge requires automatic reversal. 96 F.3d at 1141. In that case, the defendant attempted to exercise a peremptory challenge but the district court prevented him from doing so, erroneously concluding that the challenge was racially motivated. Id. at 1135-36.
No such circumstance exists in this case. Unlike the defendant in Annigoni, Lindsey made no attempt to exercise his final peremptory challenge. When the district court stated, “the defense has no further peremptories,” the defense was silent and raised no objection. Presumably, had Lindsey’s counsel reminded the court that he had one peremptory challenge left, the court would have allowed him to exercise that challenge. Thus, the district court did not deny or impair Lindsey’s right to exercise peremptory challenges, but simply made a counting error that the defense failed to correct.
It is reasonable to assume that the defense had no objection to any of the remaining jurors, and had no need to exercise the final peremptory challenge. Even on appeal, Lindsey raises no objection to any of the seated jurors.
Thus, unlike in Annigoni, the defendant does not claim that the jury would have been differently constituted if not for the court’s innocent error. Because Annigoni is inapplicable to this case, Lindsey is entitled to nothing more than the level of appellate review we apply to any claim not raised before the district court: plain-error review.
Because the majority agrees that plain-error is the appropriate standard, and agrees that under that standard Lindsey’s claim fails, I concur in the result of the majority opinion. There is no need for us to consider whether Rivera has upended Annigoni.